# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873- 9550

_____ *Attorneys at Law*_____

February 9, 2026

**_Via ECF_**
Hon. Jesse M. Furman, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street,
New York NY 10007

> **Re:**  **_Alleyne et al. v. Constellation Culinary Group et. al._**
> Case No. 1:25-cv-10032-JMF (S.D.N.Y.)

Dear Judge Furman:

Our firm represents Plaintiffs Virginia Alleyne, Janine Herman, Ramona Caceres, Yonas Berhe, Astrid Cousins, and Samara Greco and the putative class and collective of similarly situated individuals ("Plaintiffs") in the above-captioned case, and we write after having conferred with Defendants Elior Inc. (d/b/a Elior North America) and Galaxy Restaurants Catering Group, LP (d/b/a Constellation Culinary Group) (collectively, "Defendants," and together with Plaintiffs, the "Parties") pursuant to Your Honor's directive from the January 15, 2026 initial pre-trial conference. *See* ECF 39. Namely, Plaintiffs respectfully request that the Court endorse the proposed Discovery Order, directing Defendants (or counsel in *Culley v. Elior Inc.*, Index No. 716127/2024 ("*Culley*")) to produce and disclose the categories of documents and information below.

The Parties met and conferred via telephone on February 3, 2026, and February 9, 2026, and exchanged correspondence regarding Plaintiffs' request for the following eight (8) categories of documents and information will likely be relevant during the forthcoming briefing on Defendants' Motion to Dismiss and Plaintiffs' Motion for Collective Certification. *See* ECF 39, at Bullet Point No. 1. Defendants have not formally agreed to any specific categories and will take a position in response to this letter. However, Defendants are agreeable to the production of the following documents and materials in their clients' possession, custody, or control to the extent there is no objection from plaintiffs' counsel in the *Culley* matter.

**Categories of Documents and Information**:

1.  For Alleyne, Herman, and the other individuals named as Plaintiffs and class representatives here: a copy of the opt outs submitted to the Settlement Claims Administrator in *Culley* (Advanced Litigation Strategies, LLC).

2.  Names of any optouts in *Culley* (along with a copy of those optouts submissions).

1

*Alleyne v. Constellation/Starr*
Plaintiffs' Letter Request on *Culley* Discovery
Feb. 9, 2026

3. A copy of the Release that may have been signed on the Claim Form and/or in the check or payments to claimants for those that opted into *Culley*, including the dates of execution.

4. The names and numbers of individuals that actually submitted and/or signed the Claim Forms and/or signed checks (that contained release language), including the number of individuals that are female (if known).

5. A copy of any other agreements Defendants may contend bind any other putative class members in the *Alleyne* action – separate and apart from the class release in *Culley*, including the agreements with the class representatives in *Culley*.

6. The precise number of class members in *Culley*.

7. As to Putative Class Member Yakelin Hidalgo (also a class representative in *Culley*), the settlement agreement with the electronic verification pages, along with any payment histories to CK Lee, Esq., his firm, or Hidalgo personally, or any other related communications to her claims, her agreement, and/or her release.

8. Any final declaration from Advanced Litigation Strategies, LLC, or reports from the Notice and Administration process in *Culley*.

Plaintiffs contend that these eight categories of documents and information identified above will likely be relevant to the Parties' respective legal positions, including the scope of the purported release in *Culley* (as contended by Defendants) and the potential putative class members in the collective or class not bound by any valid release (as contended by Plaintiffs). Additionally, Plaintiffs believe this information will better position the Court to decide the respective motions. Much, if not all, of this discovery are directly implicated by positions taken by Defendants within the Parties' January 13, 2026 Joint Letter (Dkt. 38), including contentions that "[this collective] is essentially the same workforce already certified and bound by a final wage and hour class action settlement [in *Culley*]." *Id.* at pg. 2.

*        *        *

To the extent that the Court has any questions as to the nature of each request or requires any additional information, Plaintiffs are available at the Court's convenience.

Respectfully submitted,

By: ___*/s/Michael A. Tompkins*___
Michael A. Tompkins
*Attorneys for Plaintiffs*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514

2

*Alleyne v. Constellation/Starr*
Plaintiffs' Letter Request on *Culley* Discovery
Feb. 9, 2026

(516) 873-9550

cc:    All Counsel of Record (via ECF)
        Counsel of Record in *Culley*, C.K. Lee, Esq. and Anne Selig, Esq. (via email
        cklee@leelitigation.com and anne@leelitigation.com)
        Advanced Litigation Strategies, LLC (via email at elior@advancedlitigation.org and
        admin@advancedlitigation.org)

Pursuant to this Court's January 15, 2026 Order, *see* ECF No. 39, Plaintiffs are directed to serve a copy of that Order and this Order on Plaintiffs' counsel in the *Culley* action.  As noted, any opposition to such a motion, whether filed by Plaintiffs' counsel or otherwise, shall not exceed three pages and shall be filed by **February 13, 2026**.

    SO ORDERED.

    February 10, 2026

3

*Alleyne v. Constellation/Starr*
Plaintiffs' Letter Request on *Culley* Discovery
Feb. 9, 2026