UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

VIRGINIA ALLEYNE, JANINE HERMAN,    :
RAMONA CACERES, YONAS BERHE,     :    Case No.: 1:25-cv-10032
ASTRID COUSINS, and SAMARA        :
GRECO, individually and on behalf of others :    [PROPOSED]
similarly situated,                   :
                                :    DISCOVERY ORDER
          Plaintiffs,          :    RE: CULLEY MATTER
                                :
      -against-              :
                                :
CONSTELLATION CULINARY GROUP;  :
GALAXY RESTAURANTS CATERING    X
GROUP, LP; STARR EVENTS; ELIOR
NORTH AMERICA; and any other related
entities and individuals,

          Defendants.

-------------------------------------------------------

WHEREAS, it was raised at the initial pretrial conference on January 15, 2026, that discovery related to another matter *Culley v. Elior, Inc.*, Case No. 716127/2024 (Sup. Ct. Queens Cnty.) ("Culley") and in Defendants' Position contained within Dkt. 38, the *Culley* matter may have relevance to issues expected to be raised in the forthcoming motions by the parties, including the scope of the purported releases secured therein and the processes effectuated in that *Culley* matter (*see* Dkt. 39);

WHEREAS, the Parties have conferred and this Court's Jan. 16, 2026 Order (Dkt. 39) was served on counsel in the *Culley* matter, as reflected by the certificates of service filed in this matter;

IT IS HEREBY ~~ORDER~~ ORDERED that, Defendants Constellation Culinary Group; Galaxy Restaurants Catering Group, LP; Elior North America, and Counsel for *Culley* plaintiffs (i.e., C.K. Lee, Anne Selig, and Lee Litigation Group, PLLC) shall produce the following documents:

1. For Alleyne, Herman, and the other individuals named as Plaintiffs and class representatives here: a copy of the opt outs submitted to the Settlement Claims Administrator in *Culley* (aka Advanced Litigation Strategies, LLC).

2. Names of any optouts in *Culley* (along with a copy of those opt outs submissions as well).

3. A copy of the Release that may have been signed on the Claim Form and/or in the Check to claimants for those that opted into *Culley*, including the dates of execution.

4. ~~The names and numbers of individuals that actually submitted and/or signed the Claim~~ The number of individuals who submitted or signed Claim Forms and/or the number of signed checks (containing the release language), including the number of female claimants, along with the final versions of the release language used in the claim forms and settlement checks

~~Forms and/or signed Checks (that contained release language), including the number of individuals that are female (if known).~~

5.  A copy of any other agreements Defendants may contend bind any other putative class members in the *Alleyne* action – separate and apart from the class release in Culley, including the agreements with the class representatives in *Culley*.

6.  The precise number of class members in *Culley*.

7.  As to Putative Class Member Yakelin Hidalgo (also a class representative in *Culley*), the settlement agreement with the electronic verification pages, along with any payment histories to CK Lee, Esq., his firm, or Hidalgo personally, or any other related communications to her claims, her agreement, and/or her release as described in the December 17, 2025 email attached to ECF No. 55, Exh. A.

8.  Any final declaration from Advanced Litigation Strategies, LLC, or reports from the Notice and Administration process in *Culley*.

Such production may occur immediately such to be included in any motions due to be filed in this matter, but should be produced no later than February 27, 2026.

SO ORDERED.

Dated: February 18, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

Additionally, the parties shall confer and submit a proposed confidentiality agreement regarding these materials for the Court to approve as soon as possible.  The parties are reminded that, pursuant to the Court's Individual Rules and Practices, all redactions or sealing of public court filings require Court approval notwithstanding the existence of such a confidentiality agreement.  Any party seeking to file a document under seal or in redacted form should refer to Rule 7(C) for the appropriate procedures.