UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA ALLEYNE, JANINE HERMAN, RAMONA CACERES, YONAS BERHE, ASTRID COUSINS, and SAMARA GRECO, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> CONSTELLATION CULINARY GROUP; GALAXY RESTAURANTS CATERING GROUP, LP; STARR EVENTS; ELIOR NORTH AMERICA; and any other related entities and individuals including JOHN DOE 1 through 20, <br><br> Defendants. | **Case No.: 1:25-CV-10032-JMF** <br><br> **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, pursuant to this Court's Feb. 18, 2026 Order (Dkt. 57), certain documents and information are required to be disclosed, including documents in the *Culley v. Elior, Inc.*, Index No. 716127/2024 (Sup. Ct. Queens Cnty.) ("*Culley*") and such documents may contain confidential information;

WHEREAS, the Court has directed the exchange of such information, as well as the entering of this agreement to preserve any claims of confidentiality, including those made by counsel for plaintiffs in *Culley* pursuant to Dkt. 47;

WHEREAS, the parties agree that the production of documents and information from *Culley* in this action is made solely pursuant to the Court's Orders in this action and the issues of relevance in this matter;

WHEREAS, the Court's Individual Rules and Practices govern the filing of information and the parties recognize that nothing within this agreement supersedes the Court's Rules regarding redactions or

- 1 -

sealed filings, and that this Court's Rule 7(C) governs;

WHEREAS, the parties agree to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties, and third parties, in connection with the pre-trial phase of this action:

1.      Counsel for any producing party, including third-parties, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). For purposes of this Stipulation and Order, the term "this action" means the above-captioned proceeding, including any appeals, but does not include any other actions, arbitrations, or administrative proceedings, including without limitation Culley.

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the prosecution, defense, or settlement of claims and defenses in this action.

3.      Confidential Information shall not be used for any business, commercial, competitive, or personal purpose, including but not limited to solicitation of current or former employees or clients of any party, other than as reasonably necessary to prosecute or defend the claims or defenses asserted in this action, as outlined by this agreement, or any other orders from the Court.

4.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The designating party shall bear the burden of establishing that the designation is proper under Fed. R. Civ. P. 26(c), and pending such resolution the material shall continue

to be treated as Confidential Information. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  Any deponents, witnesses, or potential witnesses, or individuals believed to have knowledge concerning the document or the information contained within the document, but only to the extent reasonably necessary for purposes of this litigation and only after such persons have executed Exhibit A (unless already bound by a duty of confidentiality to the producing party covering such information); and

    e.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

    5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined

the disclosure of the information or documents to any other person; and

    c.   Require each such person, including third-parties, to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    Any Personally Identifying Information ("PII") (e.g., social security numbers, dates of birth, home addresses, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. To the extent PII is not necessary to the issues in this action and is agreed upon in writing in advance, such information may be redacted from produced documents. In the event of any actual or suspected unauthorized access to or disclosure of PII, the receiving party shall promptly notify the producing party and shall cooperate in good faith in addressing and remedying such access or disclosure. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected

information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted including Judge Furman's Individual Rule 7(C).

10.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.      Nothing in this Stipulation and Order shall be construed to require the production of any material that a party contends is not discoverable or is otherwise subject to an objection, or to prevent any party from withholding material on any applicable ground, including privilege, work product, or relevance. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information if otherwise required by law or pursuant to a valid subpoena, court order, or other compulsory process, nor shall anything herein be construed as a waiver of any right to object to the admissibility of any document, testimony, or other evidence.

**SO STIPULATED AND AGREED.**

Dated:  Feb. 25, 2026
          New York, New York

_____          /s/ Frank J. Giambalvo
Counsel for Plaintiffs                              Counsel for Defendant(s)
Michael A. Tompkins, Esq.

_____
Counsel for plaintiffs in *Culley*

SO ORDERED.

information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted including Judge Furman's Individual Rule 7(C).

10.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.      Nothing in this Stipulation and Order shall be construed to require the production of any material that a party contends is not discoverable or is otherwise subject to an objection, or to prevent any party from withholding material on any applicable ground, including privilege, work product, or relevance. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information if otherwise required by law or pursuant to a valid subpoena, court order, or other compulsory process, nor shall anything herein be construed as a waiver of any right to object to the admissibility of any document, testimony, or other evidence.

**SO STIPULATED AND AGREED.**

Dated: Feb. 25, 2026
       New York, New York

_____
Counsel for Plaintiffs
Michael A. Tompkins, Esq.

_____
Counsel for Defendant(s)

Counsel for plaintiffs in *Culley*
Anne Seelig, Esq.

SO ORDERED.

- 5 -

HON. JESSE M. FURMAN, U.S.D.J.
United States District Judge

February 27, 2026

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).  The Clerk of Court is directed to terminate ECF No. 41.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VIRGINIA ALLEYNE, JANINE HERMAN, RAMONA CACERES, YONAS BERHE, ASTRID COUSINS, and SAMARA GRECO, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br><br> CONSTELLATION CULINARY GROUP; GALAXY RESTAURANTS CATERING GROUP, LP; STARR EVENTS; ELIOR NORTH AMERICA; and any other related entities and individuals including JOHN DOE 1 through 20, <br><br> Defendants. | **Case No.: 1:25-CV-10032-JMF** <br><br> **CONFIDENTIALITY AGREEMENT** |

I,_____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential.  I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated _____ , 2026

\_

_____          _____
Name (printed)                           Signature

Signed in the presence of:

_____
(Attorney)