# GRSM50

## GORDON REES SCULLY MANSUKHANI
### YOUR 50 STATE LAW FIRM™

**ELIZABETH F. LORELL**
elorell@grsm.com
Direct (973) 549-2506

**FRANK GIAMBALVO**
fgiambalvo@grsm.com
Direct (212) 453-0780

Application GRANTED.  The Clerk of
Court is directed to terminate ECF No. 79.

SO ORDERED.

March 23, 2026

March 24, 2026

1 Battery Park Plaza, 28th Floor
New York, NY  10004
www.grsm.com

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street,
New York NY 10007

> **Re:**    *Alleyne et al. v. Elior North America, Inc. et al.*, **Case No. 1:25-cv-10032-JMF (S.D.N.Y.)**

Dear Judge Furman:

Defendants Elior, Inc., Galaxy Restaurants Catering Group, LP d/b/a Constellation Culinary Group of New York, LLC (collectively, "Defendants"), by their undersigned attorneys, respectfully submit this letter-motion, with the consent of Plaintiffs' counsel, requesting that the Court modify the word limits prescribed by Local Civil Rule 7.1 for two pending submissions: (1) Defendants' opening memorandum of law in support of their anticipated pre-answer motion to dismiss the Second Amended Complaint ("SAC") (ECF No. 59), and (2) Plaintiffs' reply memorandum of law in further support of their motion for conditional collective certification (ECF No. 50). Because the expanded word limits will affect the timing of the parties' respective filings, the parties further request that the Court enter a revised briefing schedule as set forth below.

> **I.    Defendants' Opening Brief on the Motion to Dismiss (2,500 Additional Words Requested, for a Total of 11,250 Words)**

Local Civil Rule 7.1 limits memoranda of law in support of motions to 8,750 words. Defendants respectfully request leave to file an opening memorandum of up to 11,250 words—an additional 2,500 words beyond the default limit.

Good cause supports this request. The SAC asserts claims on behalf of six named Plaintiffs and a putative FLSA collective against three named Defendants and twenty Doe Defendants, spanning multiple federal and state statutory frameworks, including the Fair Labor Standards Act, the Equal Pay Act, the New York Labor Law, and related common-law theories.

*Hon. Jesse M. Furman, U.S.D.J.*
March 23, 2026
Page 2

Given the number of parties, the breadth of the claims asserted, and the multiple distinct legal and factual issues raised by the SAC, briefing the anticipated motion within the standard 8,750-word limit is not feasible without sacrificing the precision and analytical depth necessary to assist the Court in resolving the motion efficiently. Plaintiffs consent to this request.

To ensure that the expanded opening brief does not create an imbalance in the motion-to-dismiss briefing, the parties jointly request a corresponding increase for Plaintiffs' opposition—up to 11,250 words corresponding with Defendants' brief, and Defendants shall have an additional 1,000 words beyond the default 3,500-word limit for Defendants' reply, for a total of 4,500 words.

## II.    Plaintiffs' Reply on Collective Certification (3,500 Additional Words Requested, for a Total of 7,000 Words)

Separate and apart from the motion to dismiss, the parties seek an expanded word limit for Plaintiffs' reply in support of their pending motion for conditional collective certification (ECF No. 50). The standard reply limit under Local Civil Rule 7.1 is 3,500 words. Plaintiffs request leave to file a reply of up to 7,000 words—an additional 3,500 words beyond the default limit.

Two developments that postdate Plaintiffs' opening brief inform this request. First, the Court's February 18, 2026 discovery order (ECF No. 57) directed the production of certain materials from the prior Culley action that were not previously available to the parties. Second, Defendants' opposition (ECF No. 62) addressed the Culley settlement in ways that Plaintiffs may wish to respond to in reply. Given these intervening developments, and in the interest of allowing the Court to consider the collective-certification motion, Defendants do not oppose this request. Defendants respectfully reserve the right to seek leave to file a sur-reply should Plaintiffs' reply raise new arguments or evidence not previously addressed in the briefing.

## III.    Proposed Briefing Schedule

To ensure that the modified word limits do not prejudice either side, the parties jointly propose the following schedule:

| Submission | Proposed Deadline |
|---|---|
| **Defendants' Opening Brief in Support of Motion to Dismiss (up to 11,250 words)** | April 3, 2026 |
| **Plaintiffs' Opposition to Motion to Dismiss (up to 11,250 words)** | May 1, 2026 |

*Hon. Jesse M. Furman, U.S.D.J.*
March 23, 2026
Page 3

| | |
|---|---|
| **Defendants' Reply in Further Support of Motion to Dismiss (up to 4,500 words)** | May 15, 2026 |
| **Plaintiffs' Reply in Support of Motion for Collective Certification (up to 7,000 words)** | April 2, 2026 |

\*    \*    \*

For the foregoing reasons, the parties respectfully request that the Court grant this application and So Order the proposed briefing schedule.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Francis J. Giambalvo*
        Francis J. Giambalvo, Esq.

cc:    *All Counsel of Record*