# *LEEDS BROWN LAW, P.C.*

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873- 9550

_____ *Attorneys at Law*_____

April 2, 2026

***Via ECF***
The Honorable Jesse M. Furman, U.S.D.J
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***Alleyne et. al. v. Constellation Culinary Group et. al.***
Case No. 1:25-cv-10032-JMF

Dear Judge Furman:

Our firm represents Plaintiffs Virginia Alleyne, Janine Herman, Ramona Caceres, Yonas Berhe, Astrid Cousins, and Samara Greco and the putative class and collective of similarly situated individuals ("Plaintiffs") in the above captioned case. We write pursuant to Your Honor's Discovery Order Re Culley Matter (Dkt. 57), the Confidentiality Stipulation and Protective Order (Dkt. 61), as well as Your Honor's Rule 7(c), and the Court's prior order on Plaintiffs' Motion to Strike the Confidentiality Designations (*see* Dkt. 81, 82 and 83). For the same reasons articulated within those filings, these are the same confidential documents (and correspondence related to underlying discussions of the documents) previously discussed with Defendants and Culley's Counsel. As previously represented, the Parties and Culley's Counsel met and conferred regarding the confidentiality designations of the documents and their underlying information on March 17, 2026, and were unable to resolve the disputes (s*ee* Dkt. 75). *See also* Dkt. 81-1 and 82.

Therefore, Plaintiffs seek leave to file the following documents under seal:

1.  Plaintiffs' Reply Memorandum of Law in Further Support of Collective Certification;
2.  Exhibit D, attached to the Tompkins Declaration;
3.  Exhibit E, attached to the Tompkins Declaration;
4.  Exhibit F, attached to the Tompkins Declaration;
5.  Exhibit G, attached to the Tompkins Declaration;
6.  Exhibit H, attached to the Tompkins Declaration; and
7.  Exhibit K, attached to the Tompkins Declaration.

For the reasons designated in Plaintiffs' Letter Motion to Strike the Confidentiality Designations (Dkt. 81-1 and filed under seal at Dkt. 82), Plaintiffs should be permitted to file these documents and information in reply to the Collective Certification motion and in response to the

forthcoming Motion to Dismiss until the Court rules on the motions. *See* Dkt. 80 (setting the page limits and finalizing the briefing schedules for both motions). Plaintiffs believe that the documents and information should be public for the reasons articulated therein, including their impact on putative class and collective members here, as well as in the *Culley* matter. However, the Court's Confidentiality Order (Dkt. 61), including paragraph 4, permits Plaintiffs to seek resolution from the Court (which was sought in Dkt. 81-1 and 82) – but requires Plaintiffs maintain such confidentiality designations "pending such resolution." Therefore, Plaintiffs respectfully submit that Plaintiffs should be permitted leave to file their reply under seal and the associated exhibits until the Court rules on the Motion to Strike, Collective Certification, and/or Defendants' Motion to Dismiss.

Plaintiffs appreciate the Court's consideration of this request and remain available to discuss this application, or the underlying motions or exhibits.

Respectfully Submitted,

___/s/ *Michael A. Tompkins*___
Michael A. Tompkins

CC:    All Counsel of Record (via ECF)
C.K. Lee, Esq. (via ECF)
Anne Seelig, Esq. (via ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 85.

SO ORDERED.

April 6, 2026