# GRSM50
## GORDON REES SCULLY MANSUKHANI
### YOUR 50 STATE LAW FIRM™

**ELIZABETH F. LORELL**
elorell@grsm.com
Direct (973) 549-2506

**FRANCIS GIAMBALVO**
fgiambalvo@grsm.com
Direct (212) 453-0780

*The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. However, it appears that Defendants erroneously filed unredacted versions of these documents on the public docket at ECF No. 98. The Court has temporarily restricted access to that docket entry to court users only. Defendants are hereby DIRECTED to file a letter-motion as soon as possible rectifying the error. The Clerk of Court is directed to terminate ECF No. 96.*

1 Battery Park Plaza, 28th Floor
New York, NY 10004
www.grsm.com

April 22, 2026

**VIA ECF**

SO ORDERED.

Hon. Jesse M. Furman, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street,
New York NY 10007

*April 23, 2026*

Re:   ***Alleyne et al. v. Constellation Culinary Group et al.*, No. 1:25-cv-10032-JMF**
**Defendants' Letter Motion to File Portions of Memorandum of Law and Certification Under Seal**

Dear Judge Furman:

Defendants Constellation Culinary Group, Galaxy Restaurants Catering Group, LP, Starr Events, and Elior North America (collectively, "Defendants") respectfully submit this letter motion pursuant to Rule 9 of Your Honor's Individual Rules and Practices in Civil Cases for leave to file limited portions of their (i) Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint (the "Memorandum") and (ii) Certification of Francis J. Giambalvo, Esq. (the "Giambalvo Certification"), including Exhibit D thereto, under seal. Defendants are contemporaneously filing redacted versions of the Memorandum and Giambalvo Certification on the public docket, and will submit unredacted versions under seal in accordance with Your Honor's procedures and the Court's Electronic Case Filing Rules & Instructions.

**The Material Proposed to Be Sealed**

The narrow universe of material Defendants propose to redact comprises direct quotations from, and characterizations of, two settlement communications exchanged between Defendants' then-counsel, Epstein Becker Green ("EBG"), and Plaintiffs' counsel, Leeds Brown Law, on August 12, 2025 and August 13, 2025 (collectively, the "Settlement Communications"). Those communications were expressly denominated "for settlement purposes only" and were transmitted in the context of the *Culley v. Elior North America* class-settlement proceedings in New York Supreme Court. The proposed redactions are limited to: (a) quoted language from the Settlement Communications appearing in Point IV.B of the Memorandum and in paragraphs 10 through 16

*Hon. Jesse M. Furman, U.S.D.J.*
April 22, 2026
Page 2

of the Giambalvo Certification; and (b) Exhibit D to the Giambalvo Certification, which is the Settlement Communications themselves. All other portions of the Memorandum, the Giambalvo Certification, and the remaining exhibits will be filed on the public docket.

## The Lugosch Framework Supports Sealing Here

The Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), governs. The Court must (1) determine whether the documents are "judicial documents" to which a presumption of public access attaches; (2) assess the weight of that presumption; and (3) weigh the presumption against "competing considerations" such as the privacy interests of those resisting disclosure. *Id.* at 119–20. Defendants acknowledge that the Memorandum and Giambalvo Certification are judicial documents relevant to a dispositive motion, and that the presumption of access is therefore strong. Defendants' proposal is correspondingly narrow: they ask only that two specific categories of material — direct quotations from, and characterizations of, the Settlement Communications, and the communications themselves as Exhibit D — be sealed.

## Countervailing Interests Support Sealing the Settlement Communications

Two considerations inform the balance under *Lugosch*'s third step and, Defendants respectfully submit, warrant the narrow sealing proposed here.

First, the role of the Settlement Communications in the Court's adjudication of the motion to dismiss is a limited one, which bears on the weight of the presumption. *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995) ("Amodeo II") (weight of presumption turns on "the role of the material at issue in the exercise of Article III judicial power" and falls on "a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance"). Defendants quote and characterize the Settlement Communications in Point IV.B of the Memorandum principally to demonstrate that Plaintiffs' reliance on those communications is barred by Federal Rule of Evidence 408 and New York CPLR 4547 — that is, Defendants argue the Court should not rely on the specific content of the Settlement Communications in resolving the motion. Where material is offered principally to establish its own inadmissibility, its role in the Article III function is correspondingly modest, and the presumption of access, while real, is not at its zenith. *See Amodeo II*, 71 F.3d at 1050.

Second, the Settlement Communications were exchanged on an expressly confidential basis. Both emails were designated "for settlement purposes only" and reserved "all rights, defenses, and counterclaims," and were exchanged in connection with the *Culley v. Elior North America* class-settlement proceeding (Index No. 716127/2024, Sup. Ct. Queens Cnty.). The Second Circuit has recognized that parties' express confidentiality expectations in settlement materials can be a cognizable consideration in the *Lugosch* balance. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (recognizing "valid reasons . . . for maintaining" confidentiality of settlement materials "when the settlement itself was conditioned on confidentiality," and observing that "honoring the parties' express wish for confidentiality may

*Hon. Jesse M. Furman, U.S.D.J.*
April 22, 2026
Page 3

facilitate settlement, which courts are bound to encourage"). That interest — together with the policy reflected in Federal Rule of Evidence 408 and New York CPLR 4547, which favor candid settlement discourse — supplies a cognizable countervailing consideration as to this narrow category of material. Defendants do not contend that these interests alone categorically overcome the presumption; rather, they submit that, in combination with the limited role of the material described above and the narrow tailoring set forth below, they justify the sealing of the specific content of the Settlement Communications while leaving the balance of the parties' submissions on the public docket.

**The Proposed Redactions Are Narrowly Tailored**

The proposed redactions are the minimum necessary to protect the interests above. Defendants have not sought to seal any portion of the Memorandum or Giambalvo Certification that does not quote, paraphrase, or directly characterize the Settlement Communications, and have not sought to seal any other exhibit. The public will have immediate access to the Memorandum's full legal analysis, including the entirety of Points I through III and the inadmissibility analysis in Point IV.A; to the Giambalvo Certification's background, chronology, and Exhibits A through C; and to the Notice of Motion and Motion to Dismiss. The only material withheld from the public record is the content of two settlement emails and limited passages quoting them.

**Relief Requested**

For the reasons set forth above, Defendants respectfully request that the Court (i) grant leave to file under seal the unredacted versions of the Memorandum and Giambalvo Certification, together with Exhibit D thereto, and (ii) enter the accompanying Proposed Order. Defendants have conferred with Plaintiffs' counsel regarding this request. Defendants thank the Court for its consideration.

.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  ___/s/ Elizabeth Lorell___
         Elizabeth Lorell, Esq.

By:  ___/s/ Francis Giambalvo___
         Francis Giambalvo, Esq.

cc**:**    All Counsel of Record (via ECF)